IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-01768-WJM-MEH

**ALYSHA ZIMMERMAN,**

    Plaintiff,

v.

**YEOMAN ASSET MANAGEMENT, LLC d/b/a Red Dot Storage**,

    Defendant.

---

**YEOMAN ASSET MANAGEMENT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

---

Defendant Yeoman Asset Management, LLC d/b/a Red Dot Storage ("Red Dot Storage" or "Defendant"), through its undersigned counsel, submits the following Answer and Defenses to Plaintiff's Complaint and Jury Demand ("Complaint"). Any allegations in the Complaint, including any unnumbered paragraphs, any headings, and any subheadings that are not expressly admitted herein are denied.

### I.   PRELIMINARY STATEMENT

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

### II.   PARTIES AND JURISDICTION

2. Defendant incorporates herein its responses to the allegations in the paragraphs above.

1

3. Defendant is without knowledge or information sufficient to respond to the allegations in Paragraph 3 of the Complaint, and therefore denies the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits that it currently has 90 employees. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff was an employee of Defendant from on or about March 14, 2017 until June 30, 2021. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant does not contest the Court's jurisdiction but denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant does not contest the venue but denies the remaining allegations in Paragraph 10 of the Complaint.

### III. ADMINISTRATIVE REMEDIES

11. Defendant incorporates herein its responses to the allegations in the paragraphs above.

12. Defendant admits that it received copies of Charge Number E2200013696 from the Colorado Civil Rights Division ("CCRD"), cross filed with the EEOC as Charge Number 32A-2022-00038, which document speaks for itself; that on December 6, 2021 Defendant submitted a Position Statement to the CCRD denying all of the allegations in the Charge; that the CCRD issued

a Notice of Right to Sue due to the Plaintiff's request on April 27, 2022; and that Plaintiff filed this Complaint on July 18, 2022. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

### IV. GENERAL ALLEGATIONS

14. Defendant incorporates herein its responses to the allegations in the paragraphs above.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint refer to a performance review, which is a written document that speaks for itself. Defendant denies every allegation in Paragraph 18 inconsistent with that document and denies the remaining allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint refer to a performance review, which is a written document that speaks for itself. Defendant denies every allegation in Paragraph 19 inconsistent with that document and denies the remaining allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint refer to a performance review, which is a written document that speaks for itself. Defendant denies every allegation in Paragraph

20 inconsistent with that document and denies the remaining allegations in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 of the Complaint refer to a performance review, which is a written document that speaks for itself. Defendant denies every allegation in Paragraph 21 inconsistent with that document and denies the remaining allegations in Paragraph 21 of the Complaint.

22. Defendant admits that it promoted Plaintiff to Project Manager on or about November 12, 2020. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff disclosed to Defendant that she was pregnant at least as early as in or around mid-August 2020. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint refer to a performance review, which is a written document that speaks for itself. Defendant denies every allegation in Paragraph 24 inconsistent with that document and denies the remaining allegations in Paragraph 24 of the Complaint.

25. The allegations in Paragraph 25 of the Complaint refer to a performance review, which is a written document that speaks for itself. Defendant denies every allegation in Paragraph 25 inconsistent with that document and denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant admits it promoted Plaintiff to Project Manager on or about November 12, 2020. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff received a pay raise in February 2021. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits Mr. Lewis recommended a female professional contact who worked for Kiosk, and Defendant hired this candidate on or about December 7, 2020 as a Senior Project Manager. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant is without knowledge or information sufficient to respond to the first four sentences in Paragraph 31 of the Complaint and therefore denies the same. Defendant admits that it allowed Plaintiff to work from home upon her request and as she needed. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant admits that Matthew Salas' employment with the Company ended on or about November 27, 2020. Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33. Defendant admits that Chad Lewis became Plaintiff's direct supervisor on or about November 27, 2020. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff and Samantha Hagenstein asked Mr. Lewis if Defendant was going to hire another employee due to Mr. Salas' departure. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant admits that Plaintiff asked Mr. Lewis for a raise, and that Plaintiff received a raise in February 2021. Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37. Defendant admits that Mr. Lewis and Breanna DiCarlo worked together, and that Mr. Lewis worked with Ms. DiCarlo more frequently than he did with Plaintiff and Ms. Hagenstein because Ms. DiCarlo was a Senior Project Manager and Plaintiff and Ms. Hagenstein were Project Managers. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in the first sentence of Paragraph 39 of the Complaint. Defendant is without knowledge or information sufficient to respond to the allegations in the second sentence of Paragraph 39 of the Complaint, and therefore denies the same.

40. Defendant admits that Mr. Lewis discussed property damage at one of Defendant's properties with Plaintiff and Ms. Hagerman. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41. Defendant admits that Mr. Lewis counseled the Plaintiff about her unprofessional response to Mr. Lewis and negative attitude in connection with this discussion about property damage. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits that Mr. Lewis provided Plaintiff with a Performance Improvement Plan on or about January 20, 2021 which is a written document that speaks for itself. Defendant denies every allegation in Paragraph 43 inconsistent with that document and denies the remaining allegations in Paragraph 43 of the Complaint.

44. The allegations in Paragraph 44 of the Complaint refer to a Performance Improvement Plan, which is a written document that speaks for itself. Defendant denies every allegation in Paragraph 44 inconsistent with that document and denies the remaining allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant admits that Plaintiff asked Mr. Lewis if she improved her attitude, if Mr. Lewis would rip up the Performance Improvement Plan. Defendant denies the remaining allegations in Paragraph 46 of the Complaint.

47. Defendant admits that in or around February 2021, its ownership had recently changed, and in connection with this change, it provided Plaintiff with an offer letter dated February 11, 2021 with standard at-will language which is a written document that speaks for itself. Defendant denies every allegation in Paragraph 47 inconsistent with that document and denies the remaining allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff began her approved maternity leave on or about March 18, 2021. Defendant is without knowledge or information sufficient to respond to the remaining allegations in Paragraph 52 of the Complaint, and therefore denies the same.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Upon information and belief, Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Upon information and belief, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Upon information and belief, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant admits the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant admits that Mr. Lewis and Katie Wandtke met with Plaintiff on June 30, 2021. Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

62. Defendant admits that it terminated Plaintiff's employment on June 30, 2021. Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

63. Defendant admits that Plaintiff returned from maternity leave on June 21, 2021 and denies the remaining allegations in Paragraph 63 of the Complaint.

64. Defendant is without knowledge or information sufficient to respond to the allegations in Paragraph 64 of the Complaint, and therefore denies the same.

**FIRST CLAIM FOR RELIEF**
**(Gender and Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"))**

65. Defendant incorporates herein its responses to the allegations in the paragraphs above.

66. The allegations in Paragraph 66 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

67. Defendant admits that Plaintiff was pregnant, but Defendant is without knowledge or information sufficient to respond to the remaining allegations in Paragraph 67 of the Complaint, and therefore denies the same.

68. Defendant admits the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act of 1978)**

73. Defendant incorporates herein its responses to the allegations in the paragraphs above.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Retaliation in Violation of the Pregnant Workers Fairness Act, § C.R.S. 24-34-402.3)**

78. Defendant incorporates herein its responses to the allegations in the paragraphs above.

79. The allegations in Paragraph 79 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

80. The allegations in Paragraph 80 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Violation of the Wage Transparency Act, C.R.S. § 24-34-402(1)(i) ("WTA"))**

86. Defendant incorporates herein its responses to the allegations in the paragraphs above.

87. The allegations in Paragraph 87 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

88. The allegations in Paragraph 88 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Wrongful Termination in Violation of Public Policy)

99. Defendant incorporates herein its responses to the allegations in the paragraphs above.

100. The allegations in Paragraph 100 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

101. The allegations in Paragraph 101 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief prayed for in her Complaint.

### V.   AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's allegations fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages that Plaintiff allegedly suffered.

### Third Affirmative Defense

The damages sustained by Plaintiff, if any, were proximately caused and occasioned by Plaintiff's failure to exercise reasonable care to minimize or mitigate the alleged damages.

### Fourth Affirmative Defense

The Defendant's conduct and actions were at all times undertaken in good faith and in accordance with honestly held business judgment, and without malice or ill-will toward the Plaintiff.

### Fifth Affirmative Defense

To the extent Plaintiff has suffered damages, which Defendant denies, such damages were caused by the acts or omissions of the Plaintiff herself or some third party, and not by Defendant.

### Sixth Affirmative Defense

To the extent Plaintiff recovers any monies from collateral sources, Defendant is entitled to a set-off.

### Seventh Affirmative Defense

Plaintiff's Complaint is barred by the doctrines of unclean hands, waiver, and estoppel.

### Eighth Affirmative Defense

The damages asserted in Plaintiff's Complaint are barred, in whole or in part, by the doctrine of after-acquired evidence.

### Ninth Affirmative Defense

Plaintiff's prayer for punitive damages is barred because Defendant acted in good faith towards Plaintiff and made a good faith effort to comply with the law.

### Tenth Affirmative Defense

Plaintiff's claims regarding discrimination and retaliation are barred if and to the extent they are based on matters that were not included in the underlying Charge of Discrimination or were not otherwise administratively exhausted.

### Eleventh Affirmative Defense

Plaintiff's prayer for punitive damages is barred because Defendant made good faith efforts to identify and make reasonable accommodations for Plaintiff's alleged health conditions related to pregnancy or physical recovery for childbirth that would provide Plaintiff with an equally effective opportunity and would not cause an undue hardship on the operation of Defendant's business.

### Twelfth Affirmative Defense

To the extent that Plaintiff was involved in any improper activities occurring during her employment or failed to properly notice and act upon any such activities, Plaintiff is estopped from recovery for her claims.

### Thirteenth Affirmative Defense

Because the Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the claims alleged. Accordingly, Defendant reserves the right to assert additional defenses if and to the extent such defenses are applicable.

**WHEREFORE,** Defendant respectfully requests that the Court:

1. Deny the relief Plaintiff seeks in her Complaint;

2. Dismiss Plaintiff's Complaint, in its entirety, with prejudice;

3. Award Defendant its costs and attorneys' fees incurred in connection with this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted September 19, 2022.

WILLIAMS WEESE PEPPLE & FERGUSON PC

s/*Sarah E. Benjes*
Sarah E. Benjes
Elizabeth A. Austin
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
E-mail:  sbenjes@williamsweese.com
             eaustin@williamsweese.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 19th day of September, 2022, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF system, which will send notification of such filing to the following email addresses:

Jesse K. Fishman
Claire Hunter
HKM Employment Attorneys, LLP
730 17th St., Suite 750
Denver, CO 80202

*Attorneys for Plaintiff*

                                                *s/ Lindsey Schulz*
                                                WILLIAMS WEESE PEPPLE & FERGUSON PC